UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MARVASO, *et al.*,

    Plaintiffs,

v.

    Civil Case No. 18-12193
    Honorable Linda V. Parker

RICHARD SANCHEZ, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT [ECF NO. 64]

This is a consolidated civil rights action filed pursuant to 42. U.S.C. § 1983, arising from a May 8, 2013 fire at a restaurant and pool hall located in Westland, Michigan.  On March 24, 2023, the Court entered an Opinion and Order granting in part and denying in part John Adams' ("Fire Marshall Adams") and Michael J Reddy Jr.'s ("Fire Chief Reddy") Motion for Summary Judgment, granting Richard Sanchez's Motion for Summary Judgment, and granting Michael J. Reddy Sr.'s Motion for Summary Judgment. (ECF No. 62.)  The Court concluded that "regarding the alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights asserted against Fire Marshal Adams involving his filing of a false fire report, there are genuine issues of material fact as to his statements discussing his purported reason for changing the fire report, which will be left to a jury to

determine." (*Id.* at Pg ID 1828.)  Thus, the Court dismissed the other Defendants and allowed litigation to proceed as to Fire Marshall Adams.

The matter is presently before the Court on the Motion by Defendant John Adams Seeking Amendment of Judgment Under Fed. R. Civ. P. 59(e). (ECF No. 64.)  For the reasons stated below, the Court is denying Defendant's motion.

## APPLICABLE LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a court's judgment within 28 days from the entry of the judgment.  Fed. R. Civ. P. 59(e).  Determining whether to grant a motion to amend judgment lies within the discretion of the district court.  *See Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).  Courts may alter or amend a judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010))  "The Rule enables a district court to rectify its own mistakes in the period immediately following its decision, . . . but not to address new arguments or evidence that the moving party could have raised before the decision."  *Banister v. Davis*, 140 S. Ct. 1698, 1700 (2020); *see also Brumley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008)) (noting that "[a] Rule

59 motion may not be used to relitigate old matters. . . .") (additional quotation omitted).

Defendant maintains that the Court made a "mistake" in denying Fire Marshall Adams qualified immunity because "the evidentiary record affords no basis for a jury or this Court to find that Adams changed or altered his report's conclusion regarding the causation of the fire." (ECF No. 64 at Pg ID 1833, ¶ 6.) Specifically, Defendant supports his argument by stating that he "issued only *one* report regarding the cause of the fire, so it is impossible for him to have changed or altered it." (*Id.* ¶ 3 (emphasis in original).) However, the Court disagrees and views this argument as one of semantics. Although Defendant did not physically draft the "initial report *by the responding firefighters* from May 8, 2013[,]" he agreed with his subordinate's initial conclusions and "Adams considered the cause to be 'undetermined' - - *until* he actually submitted his own report on October 25, 2013." (ECF No. 48 at Pg ID 388 (emphasis in original).) The fact that Defendant, upon the completion of the investigation, reached a conclusion different than the one he concedes that he initially agreed with, does not raise any issues as this is expected in the course of any investigation. Rather, the genuine issue of material fact arises, for purposes of a claim of fabrication of evidence, as to whether Defendant changed his conclusions for the reason he stated to the city councilman,

even if only in part, which would "change" or "alter" the conclusion in his final report from the original one. There was no mistake in this Court's ruling.

Accordingly,

**IT IS ORDERED** that Defendant John Adams' motion to amend judgment (ECF No. 64) is **DENIED**.

                                                                             s/ Linda V. Parker
                                                                             LINDA V. PARKER
                                                                             U.S. DISTRICT JUDGE

Dated: April 14, 2023